PER CURIAM.
This is an appeal from an order enforcing a final judgment in a dissolution of marriage case. We conclude that the or *306 der is correct in all respects but one. The trial court abused its discretion by ordering the former husband to reimburse the former wife for taxes deducted from her share of the benefit restoration plan. Accordingly, we reverse on this point.
In the final dissolution of marriage, the former wife was awarded one-half of the proceeds from the former husband’s benefit restoration plan. Before disbursing the plan’s proceeds to the former husband, his employer deducted twenty-eight percent of the proceeds for tax purposes. The former husband then deducted another three percent for his tax bracket. After accounting for the taxes, the former husband disbursed one-half of the plan’s proceeds to the former wife.
In the enforcement order, the trial court found that the former husband should not have deducted taxes from the former wife’s portion of the plan’s proceeds. Thus, the court ordered the former husband to reimburse the wife for the taxes paid on her half of the proceeds. The effect of the order was to require the former husband to bear the entire tax liability on the plan. Requiring the former husband to incur such a liability was an abuse of discretion. See, e.g., Schwartz v. Schwartz, 750 So.2d 679 (Fla. 4th DCA 1999) (holding that the husband should not become responsible for the entire tax burden on settlement payments).
For these reasons, we reverse the trial court’s tax reimbursement award, but affirm the trial order in all other respects.
WEBSTER, VAN NORTWICK and PADOVANO, JJ., concur.